Doolin, &c., v. Commonwealth.

CASE 6—INDICTMENT—OCTOBER 14.

# Doolin, &c., v. Commonwealth.

·APPEAL FROM PULASKI CIRCUIT COURT.

1. SELF-DEFENSE.—One who is charged with murder may be excusable upon the ground of self-defense, although the deceased might, if he had taken the life of the accused, have also been excusable upon the same ground, as each might have been mistaken as to the purpose of the other.

2. SAME.— While an officer had no right to shoot in order to stop the flight of one who was fleeing to escape arrest for a mere breach of the peace, yet if he had reasonable ground to believe that he was in danger of losing his life or suffering great bodily harm at the hands of the person he was seeking to arrest, he had the right to shoot in his self-defense. And this is true, although the fleeing offender had reason to believe from the cries of the crowd and from the fact of the officer pursuing him with a gun that the officer was about to shoot him, and was attempting to protect himself from the supposed danger at the time he was wounded by the officer. It was, therefore, error to instruct the jury that if defendant in pursuit of deceased gave him reasonable ground to believe, and deceased did believe, that it was the purpose of defendant to take his life or do him great bodily harm, and in an attempt to protect himself from such danger he did endanger the life of defendant, and defendant shot to protect himself from danger brought on by his own conduct in endangering the life of deceased, he could not be excused on the ground of self-defense.

W. O. BRADLEY, G. W. SHADOAN, AND W. A. MORROW FOR APPELLANTS.

1. The alleged dying declaration was incompetent as evidence because it did not appear that it was made under a sense of impending death (Vaughn v. Commonwealth, 86 Ky., 434; Bales v. Commonwealth, 14 Ky. Law Rep., 178.)

2. That portion of the declaration reciting matters not connected with the immediate circumstances attending the killing was clearly incompetent, even if the circumstances under which the declaration was made were such as to render the other parts of it competent. (Terrell v. Commonwealth, 13 Bush, 259.)

3. The court erred in giving and refusing instructions. (Criminal Code, sec. 394; Dilger v. Commonwealth, 88 Ky., 555.)

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

As the case must go back for another trial, no facts. will be noticed in the opinion further than is necessary to make it intelligible. There was a Sunday-school meeting held at Oak Grove meeting-house, and during the meeting Watson and Gastineau fired their pistols within a short distance of the meeting-house, which created a disturbance. The minister requested the appellant Doolin, who was a constable in good standing, to arrest the persons creating the disturbance; and in obedience to the request he, together with Cope, who was summoned to assist, started out to make the arrest. Apprehending some trouble, they procured a rifle gun, and finally they overtook Watson and Gastineau, and ordered them under arrest. Gastineau obeyed, but Watson moved on, not obeying, and he finally began to run, and the appellants. pursuing, Doolin being armed with the rifle gun and Cope with a stick. The witnesses for the Commonwealth say that Cope said to Doolin, " Shoot him, shoot him, I say, and don't let him get away," and immediately Doolin fired the gun, and Watson fell wounded, from which he died.

The evidence for the appellants is, that Cope did not say " shoot him," etc., but that while they were pursuing Watson in order to arrest him, and telling him that they did not wish to hurt him, but only to arrest him, he said that if they followed him any further he would shoot them, and threw his pistol over his shoulder in the direction of them and snapped it at them; and that believing the pistol was loaded, and that Watson intended to kill them, Doolin fired in their necessary self-defense. The court instructed the jury that the appellants had the right to.

pursue and arrest Watson without a warrant, the offense having been committed in the hearing of Doolin; but the offense being only a breach of the peace, Doolin had no right to shoot Watson in order to compel him to stop his flight, and that if he, Doolin, did so shoot, they must find him guilty; but if Watson snapped his pistol at Doolin as if to shoot him in order to prevent the arrest, and that Doolin believed that his life was in immediate danger at the hands of Watson, then he had the right to shoot Watson in his own defense. But the court gave this other instruction: "If Doolin in pursuit of Watson gave him reasonable ground to believe, and he did believe, that it was the purpose of Doolin to take his, Watson's, life, or do him great bodily harm, then he had a right to protect himself from such danger, and take the life of Doolin; and in an attempt to protect himself from such danger he did endanger the life of Doolin, and Doolin shot to protect himself from danger brought on by his own conduct in endangering the life of Watson, he can not be excused on the grounds of self-defense."

It seems to us that this instruction is erroneous, for its meaning is that if Doolin in the pursuit of Watson gave him reasonable ground to believe that he, Doolin, intended to take his life or to do him great bodily harm, and he tried to shoot Doolin in order to prevent the apprehended danger to himself, which might not have existed in fact, then Doolin could not avail himself of Watson's threatening conduct toward him as a ground of self-defense. If Watson had shot Doolin, and was on trial for the shooting, the circumstances indicated in the instruction would avail him as self-defense. Under the plea of self-defense it is not necessary that the apprehended danger should exist

in fact; but if the facts and circumstances are such as to give the party a reasonable ground to believe, and he does believe, in the existence of such danger, then he may act in his own defense, although the danger does not exist in fact. Hence it may sometimes occur that each party may be mistaken as to the existence of danger, and both be entitled to the law of self-defense, as this case illustrates; for Watson might have been induced to believe from the fact that Doolin was armed and pursuing him, and the shouts, " shoot him," that Doolin's purpose was to shoot him, and therefore he would have acted in self-defense, and Doolin not intending to shoot Watson, but to pursue and arrest him, as he had the right to do, might have believed that Watson intended to shoot him to prevent being arrested, and shot to protect himself. So in such case each would be mistaken as to the purpose of the other, and each might be excusable on the ground of self-defense. No instruction should have been given on that subject.

For the error indicated the judgment is reversed and the case is remanded for a new trial.